John D. Bennett, S.
In this accounting proceeding the administratrix has agreed with the special guardian’s contention that only $500 of the full attorney’s fee should be charged to the *895 infant’s share on the ground that the infant is interested in only one half of the testamentary estate, whereas the widow has received substantial nontestamentary assets over and above her one-half interest in the estate. While the court may concur in the result, proper estate accounting practice dictates that the attorney’s fee and the special guardian’s fee, like other expenses and debts, be treated as general charges, not against any particular fund, but against the general estate, thus reducing the remainder (Dodge and Sullivan, Estate Administration and Accounting, p. 253). However, pursuant to subdivision 7 of section 124 of the Decedent Estate Law, the court can assess against nontestamentary property an equitable share of the attorney’s fee (Matter of Mervis, 26 Misc. 942).
Accordingly, the court directs that $1,000 of the attorney’s fee be payable from the general estate, together with the special guardian’s fee, and the balance of the agreed fee and disbursements, totaling $1,650 are assessed against the widow individually.
Resettle decree on five days’ notice, with three additional days if service is made by mail.